Opinion filed March 11, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00019-CV

_____

## SANDRA SMITH BROWN, INDEPENDENT EXECUTRIX OF THE ESTATE OF R.J. SMITH, JR., DECEASED, Appellant

## V.

## WILLIAM CHARLES UNDERWOOD, JAN ANN UNDERWOOD PINBOROUGH, AND ROSANNE UNDERWOOD GERRARD, Appellees

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV56870**

### M E M O R A N D U M   O P I N I O N

Appellant filed an untimely notice of appeal from an order in which the trial court granted Appellees' Rule 91a motion to dismiss, dismissed Appellant's claims, and denied Appellees' requests for sanctions and attorney's fees. *See* TEX. R. CIV. P. 91a. The trial court declared that its dismissal order constituted a final and

appealable judgment that disposed of all claims and parties. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to have been untimely filed. We requested that Appellant respond and show grounds to continue the appeal.

Appellant responded by filing "Appellant's Grounds to Continue Appeal and Motion for Extension of Time." In that document, Appellant acknowledged that the notice of appeal was not timely filed. Counsel for Appellant explained that he and his staff had inadvertently mis-calendared the due date for the notice of appeal. Appellant requests that this court grant a motion for an extension of time. Although we are sympathetic to Appellant's plight, we are not authorized to grant an extension as requested by Appellant.

The documents filed in this court reflect that the trial court signed the final judgment in this cause on October 13, 2020, and that Appellant timely filed a motion for new trial on November 12, 2020. The notice of appeal was therefore due to be filed on January 11, 2021—ninety days after the judgment was signed. *See* TEX. R. APP. P. 26.1.(a)(1). Appellant's notice of appeal was filed on February 9, 2021—119 days after the date that the trial court signed the judgment. The notice of appeal was therefore filed outside the fifteen-day extension period that is authorized by the rules. *See* TEX. R. APP. P. 26.3.

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Thus, despite the inadvertence in the late

filing of the notice of appeal, we are unable to grant Appellant's motion to allow the late filing of the notice of appeal beyond the fifteen-day extension period. *See id.*

Appellant suggests that we have the authority to grant an extension of time pursuant to *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex. 1977). We disagree. In *Meshwert*, the motion for extension, along with a reasonable explanation relating to the miscalculation of the proper filing date, was filed *within* the fifteen-day period that was authorized by the rules that were applicable at that time. 549 S.W.2d at 383–84. Nothing in the court's opinion in *Meshwert* suggests that appellate courts are authorized to grant a motion for extension of time to file a notice of appeal where the notice of appeal and the motion for extension were filed more than fifteen days after the original due date.

Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

March 11, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Williams, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.